**SO ORDERED.**

**SIGNED this 06 day of January, 2006.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
**John C. Cook**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | No. 05-12244 |
| TRACY KEN PURSLEY | ) | |
| BRIANNE LARISSA PURSLEY | ) | Chapter 7 |
| | ) | |
| Debtors | ) | |
| | ) | |
| BANK OF THE WEST | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adv. No. 05-1204 |
| | ) | |
| TRACY KEN PURSLEY, | ) | |
| BRIANNE LARISSA PURSLEY | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM**

This proceeding is before the court on the debtors' motion to dismiss an adversary proceeding against them for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b). The debtors contend that the complaint should be dismissed because it was not filed before the expiration of the deadline to file complaints objecting to dischargeability of debts under 11

U.S.C. §§ 523(a)(2), (4), or (6).

The complaint filed by the plaintiff, Bank of the West, is poorly drawn and ambiguous in that it completely fails to cite the statutes upon which it must rely. It demands that the debtors' discharge, heretofore entered, be set aside, apparently for fraud, and that it be "allowed to file a Motion to Determine Dischargeability of [the] debt." Construing the complaint broadly, it appears to demand the revocation of the debtors' discharges under 11 U.S.C. § 727(d), and it challenges the dischargeability of the debtors' debt to the plaintiff, presumably under 11 U.S.C. § 523(a)(2), (4), or (6).

Insofar as the complaint seeks a determination of dischargeability of the debt in question under § 523(a), it will be dismissed because it is untimely filed. Rule 4007(c), Fed. R. Bankr. P., provides that complaints to determine dischargeability in these kinds of cases "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." The deadline to file the dischargeability complaint in this case was July 12, 2005, but the complaint was not filed until November 4, 2005. Once the rule's deadline has passed, there is no relief available to a creditor under § 523 and the complaint must be dismissed. *Household Fin. Co. v. Beam (In re Beam)*, 73 B.R. 434, 436 (Bankr. S.D. Ohio 1987) (dismissing complaint inadvertently filed in the wrong case); *In re Kirsch*, 65 B.R. 297, 299-300 (Bankr. N.D. Ill. 1986) ("Once the Rule 4007(c) time has elapsed, a properly scheduled creditor can never raise the question of the nondischargeability of a claim on any of these grounds in the Bankruptcy Court or in any other forum.").

For the aforesaid reasons, an order will enter dismissing the plaintiff's dischargeability claims insofar as such claims are based upon 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6). The order will further provide that the only claim of plaintiffs remaining in this proceeding is the plaintiff's claim

that the debtors' discharge should be revoked under 11 U.S.C. § 727(d).

# # #